UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ADRIAN HERNANDEZ,

        Petitioner,

    -v-                                           04-CV-6330(MAT)
                                                              **ORDER**

ROY A. GIRDICH,

        Respondent.

---

## I.   Introduction

Petitioner Adrian Hernandez ("Hernandez" or "petitioner") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a finding that he violated three prison disciplinary rules while in the custody of the New York State Department of Correctional Services ("DOCS"). For the reasons stated below, the Court denies the petition and dismisses the action.

## II.   Background

Hernandez's charges stem from an investigation of an incident occurring on July 20, 2002, wherein petitioner was involved in an altercation with two other inmates in a hallway leading to the library at Elmira Correctional Facility. Hernandez and another inmate, Delano, had razor-type lacerations on their bodies, and Hernandez had two puncture wounds. Two weapons were recovered from the hallway that were consistent with the causing the wounds

1

documented on Hernandez and Delano. Petitioner was then issued a misbehavior report for assault on an inmate, fighting, and violent conduct in violation of DOCS Institutional Rules of Conduct 100.10, 100.13, and 104.11, respectively.[1] A Tier III hearing was completed on August 13, 2002 before Hearing Officer Peter Buzzetti ("Buzzetti"), in which Hernandez was found guilty of all three charges and was imposed a disposition of 24 days of pre-hearing confinement, 356 days of Special Housing Unit ("SHU") confinement, loss of packages, commissary, phones, special events, and television, as well as a recommendation for 12 months loss of good time.

Hernandez filed an administrative appeal from the disposition imposed by Buzzetti to DOCS Office of Special Housing and Inmate Discipline, which was denied on September 17, 2002. See Respondent's ("Resp't") Ex. L, M. Petitioner then filed an Article 78 proceeding in Chemung County Supreme Court on December 5, 2002. Resp't Ex. N. On September 25, 2003, The Appellate Division, Third Department affirmed the Tier III determination.[2] See Hernandez v. Selsky, 308 A.D.2d 671 (3d Dept. 2003); lv. denied 1 N.Y.3d 506 (2004). On April 23, 2003, Hernandez completed serving the disposition imposed at the hearing, having served 277 days of SHU

---

[1] The Institutional Rules of Conduct are found at 7 New York Code Rules and Regulations ("NYCRR") § 270.2.

[2] This proceeding was transferred to the Appellate Division by order of the Supreme Court, Chemung County. See Resp't Ex. Q.

confinement. He then filed the instant petition, asserting that the misbehavior report was deficient and that the evidence was insufficient to support the disposition (Dkt. #1).[3] Respondent does not contest that the petition is timely and that petitioner has exhausted his administrative and state court remedies.

**III. Discussion**

    **A.   In-Custody Requirement; Collateral Consequences**

For a federal court to exercise jurisdiction over a habeas petition, the applicant seeking the writ must be "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). However, it is well-settled that Section 2254(a) only requires that "'the habeas petitioner be in custody under the conviction or sentence under attack at the time [the] petition is filed.'" Wheel v. Robinson, 34 F.3d 60, 63 (2d Cir. 1994) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)). The custody requirement has been held to include situations in which a petitioner's sentence has expired, but he continues to be subject to collateral consequences of the conviction. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). "In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention . . . must

---

[3] The petition was originally filed in the Northern District of New York and transferred to this Court on July 19, 2004.

exist." So v. Reno, 251 F.Supp.2d 1112, 1121 (E.D.N.Y. 2003) (internal quotations and citations omitted); see also Perez v. Greiner, 296 F.3d 123 (2d Cir. 2002). Collateral consequences are presumed in the case of a petitioner challenging his underlying criminal conviction because of the "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences" So, 251 F.Supp.2d at 1121 (citing Sibron v New York, 392 U.S. 40, 54-55 (1968)).

### 1. Applicability to Disciplinary Hearings

The Supreme Court in Spencer v. Kermna , 523 U.S. 1, 12 (1998) reaffirmed the presumption that a wrongful criminal conviction has continuing collateral consequences such that habeas relief would be available, but declined to extend that presumption to the area of parole revocation. (citing Lane v. Williams, 455 U.S. 624 (1982)). The Second Circuit has held that no such presumption applies in challenges to proceedings other than the underlying criminal convictions. United States v. Mercurris, 192 F.3d 345 (2d Cir. 1999) (no presumption of collateral consequences arising from allegedly wrongful imposition of sentence enhancement); United States v. Probber, 170 F.3d 354) (2d Cir. 1999) (challenge to revocation of supervised release). This Court also extends this line of reasoning to disciplinary hearings: "The principle that there are insufficient collateral consequences to a revocation of parole to invoke habeas corpus relief is all the more applicable to

an expired sentence from a prison disciplinary hearing." Green v. McGinnis, 2003 WL 548826 at *2 (W.D.N.Y. Feb. 5, 2003); see also Moore v. Filion 2008 WL 1788442 (N.D.N.Y. April 17, 2008) (where challenged SHU sentence had already been served at the time of the filing of the petition, habeas corpus review was unavailable). Moreover, this District has specifically held that a challenge to a disciplinary hearing which results in the loss of good time does not presume collateral consequences and is therefore required to demonstrate a concrete injury to avoid dismissal. Butti v. Fischer, 385 F.Supp.2d 183 (W.D.N.Y. 2005)

**C. Dismissal of Petition**

Here, Hernandez's sentence in SHU began on August 13, 2002, and lasted until April 23, 2003. See Resp't Ex. Y. Although he was in custody, i.e., incarcerated, at the time the instant petition was filed, Hernandez's petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the Constitution. See Kamagaate v. Ashcroft, 383 F.3d 144 (2d Cir. 2004). Collateral consequences cannot be presumed here, as Hernandez does not challenge his prior conviction. Additionally, petitioner has not alleged any sufficient collateral consequences to establish a concrete injury. Consequently, this habeas petition must be dismissed as moot.

**IV. Conclusion**

Based on the foregoing, Hernandez's petition pursuant to 28 U.S.C. § 2254 is denied. The Court finds that petitioner has failed to make a substantial showing of a denial a constitutional right and therefore denies a certificate of appealability pursuant to 28 U.S.C. § 2253.

**SO ORDERED.**

                                            _____S/Michael A. Telesca_____
                                                             MICHAEL A. TELESCA
                                                        United States District Judge

Dated:    September 14, 2009
            Rochester, New York